IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
RONALD RUMFELT,              )
                             )
      Plaintiff,             )
                             )
      v.                     )   1:11cv217 (JCC/TCB)
                             )
JAZZIE POOLS, INC.,          )
                             )
      Defendant.             )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Jazzie Pools, Spas & Fitness, LLC's ("Jazzie Pools" or "Defendant") Amended Motion to Dismiss (the "Motion"). [Dkt. 12.] For the following reasons, the Court will grant Defendant's Motion.

### I. Background

A. <u>Factual Background</u>

In his Complaint, Plaintiff Ronald Rumfelt ("Plaintiff" or "Rumfelt"), states that he worked for Jazzie Pools as a pool manager at the L'Enfant Plaza Hotel in Washington, D.C., from August 2008 until at least December 2009. (Complaint [Dkt. 1] ("Compl.") ¶¶ 3-4.[1])

In early December 2009, Plaintiff received a letter from Jazzie Pools. (Compl. ¶ 3.) Enclosed with that letter was

---
[1] Plaintiff did not number the paragraphs in his Complaint. The paragraph numbers referenced by the Court here are merely the number of the paragraph in the successive order in which they appear in the Complaint.

a document from the Internal Revenue Service (the "IRS") placing a levy on Plaintiff's wages for on unpaid back taxes. *Id*. Also enclosed was Defendant's reply to the IRS, in which Gwendolyn Pierce, one of Defendant's corporate officers, told the IRS that Plaintiff had not worked for Jazzie Pools since February 19, 2009. (Compl. ¶¶ 3-4.) Plaintiff asserts that he worked for Jazzie Pools at the time the IRS placed a levy on his wages. (Compl. ¶ 4.)

Plaintiff alleges that Defendant "disavow[ed] him as an employee instead of honoring the levy as instructed to by the IRS." *Id*. Because of this "disavowal," Jazzie Pools "made it impossible for [Plaintiff]" to receive a Form W-2 ("W-2") for the years 2009 and 2010. *Id*.

After receiving the letter in early December 2009, Plaintiff went to Jazzie Pools to pick up his paycheck. *Id*. In the parking lot, he spoke with Gwendolyn Pierce, who told Plaintiff that his wages were being retroactively cut on his pay until further notice. *Id*.

Plaintiff also alleges that Jazzie Pools stopped withholding his income taxes "as far back as October 2008." (Compl. ¶ 5.) Plaintiff further alleges that Jazzie Pools did not list the number of hours Plaintiff worked or Plaintiff's pay rate on his pay stubs, so that it was "impossible" for him to know exactly what he had earned. *Id*.

Defendant also alleges that Jazzie Pools interfered with his tax obligations and did not obey "all applicable sections of the Internal Revenue Code." (Compl. ¶ 7.)

Plaintiff seeks "$100,000 in damages and $200,000 in punitive damages" against Jazzie Pools. (Compl. ¶ 7.)

B.  Procedural Background

Plaintiff filed his Complaint on March 3, 2011. [Dkt. 1.] On April 28, 2011, Defendant filed its Motion to Dismiss.[2] [Dkt. 5.] The Motion was accompanied by the proper notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). [Dkt. 5.]

Plaintiff filed his opposition and a memorandum in support thereto on May 3, 2011. [Dkts. 15, 16.] Defendant's Motion to Dismiss is now before the Court.

**II.  Standard of Review**

A.  Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213,

---

[2] Defendant filed a previous motion to dismiss that did not contain the proper notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). On Order of the Court, [Dkt. 11], Defendant filed the instant Motion containing such notice.

3

1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994); *Velasco v. Gov't of Indonesia,* 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment"). In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the

Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

   B.   Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In deciding such a motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* at 1965. In its recent decision, *Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating a two-pronged analytical approach to be followed in any Rule 12(b)(6) analysis. First, a

5

court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. In other words, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

    C.    *Pro Se* Plaintiff

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Khozam v. LSAA, Inc.*, No. 3:06cv298, 2007 WL 2932817 (W.D.N.C. Oct. 5, 2007). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues

6

never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, as in here, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

### III. Analysis

Though difficult to surmise, the Court reads Plaintiff's Complaint as alleging the following causes of action: (1) Jazzie Pools "intentionally and fraudulently interfered with [Plaintiff's] business with the IRS,"[3] (Compl. ¶ 4); (2) Jazzie Pools "committed the intentional tort of fraud by writing a false statement to the IRS," (Compl. ¶ 4); (3) Jazzie Pools "displayed a negligent disregard for what is required under United States [l]aw and what is held as a customary element of the employer-employee relationship in that the employer has a customary duty of care . . . to not interfere in the employee's tax obligations and to consistently state what [employees] earn," (Compl. ¶ 5); (4) Defendant's "tortious actions" violated "26 U.S.C. § 7204, 26 U.S.C. § 6051, 26 U.S.C. § 7206, 26 U.S.C. § 6674, 26 U.S.C. § 7207, 26 U.S.C. § 3402, 26 U.S.C. § 6682, 26 U.S.C. § 6723, 26 U.S.C. § 1441, 26 U.S.C. § 7501," (Compl. ¶ 6); and (5) Jazzie Pools acted "reckless[ly] and negligent[ly] in that a reasonable person could assume that

---
[3] Though not labeled as such in the Complaint, the Court will address these as "Count [ ]" for organization's sake.

their employer would not interfere with their tax obligations without their consent and would obey all applicable sections of the Internal Revenue Code." (Compl. ¶ 7.)

For its part, Defendant argues that this Court lacks jurisdiction to hear this case. (Memorandum in Support [Dkt. 13] ("Mem.") at 1.) Specifically, Defendant argues that the Complaint "lists a number of citations to Title 26 of the United States Code that relate to penalties which the United States may seek against employers who violate the federal tax code" but it does "not plead a 'civil action[] arising under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331, that he himself may bring." *Id*. Presumably, Defendant's argument is that the Court must dismiss Plaintiff's Internal Revenue Code allegations for failure to state a claim and, after doing so, must dismiss the remaining claims for lack of subject matter and supplemental jurisdiction.

Defendant also argues that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff lacks standing. (Mem. at 2.)

With this in mind, the Court will address each Count in turn.

A. <u>Count 1</u>

Count 1 alleges that Jazzie Pools "intentionally and fraudulently interfered with [Plaintiff's] business with the

IRS." (Compl. ¶ 4.) On the Court's read, the only conduct Plaintiff alleges as interfering with his business with the IRS was "disavowing" him as an employee instead of honoring the levy placed on his wages by the IRS, which in turn kept Plaintiff from receiving his W-2 for 2009 and 2010. *Id*.

As to Defendant's alleged failure to honor the levy, 26 U.S.C. § 6332(d)(1) provides that "[a]ny person who fails or refuses to surrender any property . . . subject to levy, upon demand by the Secretary, shall be liable . . . *to the United States*." (emphasis added). Thus, assuming the veracity of Plaintiff's Complaint, even if Defendant failed to honor the levy, Defendant is liable to the *United States* for that failure, not to Plaintiff. As to the failure to provide a W-2, Section 6722 of the Internal Revenue Code sets forth penalties for "[f]ailure to furnish correct payee statements." 26 U.S.C. § 6722. The definition of "payee statements" includes the employee copy of his or her W-2. *See In re Farm Loan Services, Inc.*, 153 B.R. 234, 236 (W.D. Wis. 1992) (citing 26 U.S.C. § 6724(d)(2); 26 CFR § 301.6722-1(d)(2)). "[N]o private right of action exists under Section 6722." *Katzman v. Essex Waterfront Owners LLC*, No. 09 Civ. 7541, 2010 WL 3958819, at *3 (S.D.N.Y. Sept. 29, 2010) (citing *Worsham v. Minyard Food Stores*, No. 3:00CV1182-P, 2001 WL 611173, at *3 (N.D. Tex. June 5, 2001)). Accordingly, because any failure on Defendant's part to honor

the levy creates liability on the part of Defendant to the United States and because there is no private right of action for an employer's failure to provide a W-2, Count 1 must be dismissed for failure to state a claim upon which relief can be granted for federal law purposes.

    B.   <u>Count 2</u>

Count 2 alleges that Jazzie Pools "committed the intentional tort of fraud by writing a false statement to the IRS." (Compl. ¶ 4.) Presumably, the alleged false statement occurred when Jazzie Pools represented to the IRS that Plaintiff had not worked for Defendant since February 19, 2009. (Compl. ¶ 3.)

To the extent Plaintiff alleges a federal cause of action under the Internal Revenue Code, any fraudulent statement made by Jazzie Pools to the IRS would give rise to a cause of action on the part of the *IRS*, not Plaintiff. To the extent Plaintiff is alleging a fraud committed against him, that is a state-law claim and will be dismissed for the reasons set forth below.

    C.   <u>Count 3</u>

Count 3 alleges that Jazzie Pools "displayed a negligent disregard for what is required under United States [l]aw and what is held as a customary element of the employer-employee relationship in that the employer has a customary duty

of care . . . to not interfere in the employee's tax obligations and to consistently state what [employees] earn." (Compl. ¶ 5.) The allegedly negligent conduct was that Jazzie Pools stopped withholding Plaintiff's income taxes "as far back as October of 2008." *Id.*

As for the tax law portion of this claim, "[f]ederal law requires employers to withhold income, social security, and Medicare taxes from employee wages and remit those taxes to the United States." *Newbill v. United States*, No. 1:10cv41, 2010 WL 4852652, at *1 (E.D. Va. Nov. 22, 2010). These taxes are commonly referred to as "trust fund taxes," as the employer must hold them in trust for the benefit of the *United States*. *Id*. "Section 6672(a) imposes a penalty on employers who fail to withhold and pay the trust fund taxes of their employees," *Carroll v. United States*, No. 97-0613-R, 1999 WL 302448, at *1 (W.D. Va. Mar. 16, 1999), but that liability is in favor of the United States. As this Court has recently stated, "[t]he employers holds the taxes 'in trust' for the United States, and must pay them to the government regularly." *Newbill*, 2010 WL 4852652, at *6. "If an employer withholds taxes but fails to remit them, the *government* must credit the employees for payment, but *may seek unpaid funds from the employer* under § 6672." *Id.* (emphasis added). Thus, an action for failure to withhold lies with the government, and there is no private right

of action permitting employees to sue employers for failing to withhold trust fund taxes. *Arvin v. Go Go Inv. Club*, No. 97-15307, 1997 WL 709329, at *1 (9th Cir., Nov. 13, 1997) (finding no express or implied cause of action under § 6672). Accordingly, Count 3 must be dismissed for failure to state a claim.

D. Count 4

Count 4 alleges that Defendant's "tortious actions" violated a litany of provisions of the Internal Revenue Code. (Compl. ¶ 6.) Plaintiff provides not facts or allegations with respect to any of these provisions. The Court will address each in turn.

26 U.S.C. § 7204 sets forth a criminal, misdemeanor offense for willful furnishing of a false W-2 to an employee. *See United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003). As a criminal statute, it does not provide Plaintiff with a civil cause of action. *See, e.g.*, *Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir.2000) ("The Supreme Court historically has been loath to infer a private right of action from a bare criminal statute.") (internal quotation marks omitted); *see also Deleu v. Scaife*, 775 F. Supp. 712, 716-17 (S.D.N.Y. 1991) (stating that the Internal Revenue Code did not provide employee with a private right of action based on employer's alleged violation of 26 U.S.C. § 7204 by failing to pay federal FICA and

unemployment taxes on employee's behalf and by failing to withhold taxes due from employee).

26 U.S.C. § 6051 provides that an employer who is required to deduct and withhold taxes from its employees must furnish to each employee a W-2 form that sets forth the amount of wages the employee earned and the amount withheld in taxes. *Hughes v. United States*, 899 F.2d 1495, 1500 (6th Cir 1990). Liability for any employer that fails to furnish a W-2 is governed by § 7204. *Id*. As discussed, § 7204 sets forth a criminal, misdemeanor offense. Thus, for the same reasons set forth above, § 6051 does not set forth a private cause of action for Plaintiff.

26 U.S.C. § 7206 sets forth a person "shall be guilty of a felony" for violations of certain the internal revenue laws. As a criminal statute, it does not provide Plaintiff with a civil cause of action. *Broderick*, 225 F.3d at 447; *see also Lucas-Cooper v. Palmetto GBA*, No. 1:05cv959, 2006 WL 2583407, at *10 (N.D. Ohio Sept. 7, 2006) (stating that 26 U.S.C. § 7206(1), addressing fraud and false statements under the Internal Revenue Code, is a criminal statute that grants no private right of action). Thus, as with the sections address above, Plaintiff cannot bring a claim under § 7206.

26 U.S.C. § 6674 provides that, "[i]n addition to the criminal penalty provided by section 7204, any person required

under . . . section 6051 . . . to furnish a statement to an employee who willfully furnishes a false or fraudulent statement, or who willfully fails to furnish a statement . . . shall for each such failure be subject to a penalty." Section 6671, titled "[r]ules for application of assessable penalties," provides that "[t]he penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the *Secretary*." 26 U.S.C. § 7701(a)(11)(B) defines "Secretary," for purposes of the Internal Revenue Code as "the Secretary of the Treasury or his delegate." Thus, section 6674 provides a civil penalty for certain violations of the Internal Revenue Code assessed by the United States, not by a private plaintiff. *See Van Keppel v. Fly Ash Mgmt.*, L.L.C., No. 97-2681, 1998 WL 596726, at *3 (D. Kan. Aug. 3, 1998) (stating that a plaintiff cannot use an alleged violation of § 6674 as a means of obtaining a trial by jury).

26 U.S.C. § 7207 provides that "[a]ny person who willfully delivers or discloses to the Secretary any . . . statement, or other document, known by him to be fraudulent or to be false . . . shall be fined . . . or *imprisoned* not more than 1 year, or both." Section 7207, thus, is a criminal statute. *See United States v. Watson*, 14 F.3d 598 (Table), at *2 (4th Cir. 1993) (describing § 7207 as one of the "criminal statutes" in the Internal Revenue Code). Thus, as set forth

14

above, § 7207 does not provide Plaintiff with a private, civil cause of action.

26 U.S.C. § 3402 provides that "every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary." 26 U.S.C. § 3402(a). As stated above, an action for failure to withhold lies with the government, and there is no private right of action permitting employees to sue employers for failing to withhold taxes. *See Spilky v. Helphand*, No. 91civ3045, 1993 WL 159944, at *2 (S.D.N.Y. May 11, 1993) (stating that though "the plaintiff does allege violations of the Internal Revenue Code by defendants, none of the Code provisions expressly creates a private right of action for an employee against an employer who fails to make the required withholding deductions and contributions").

26 U.S.C. § 6682 provides for civil penalties for false statements made in connection with the withholding of income taxes. For the same reasons set forth above with respect to 26 U.S.C. § 6674, the right to levy this civil penalty lies with the United States, not Plaintiff.

26 U.S.C. § 6723 provides that "[i]n the case of a failure by any person to comply with a specified information reporting requirement . . . , such person shall pay a penalty of $50 for each such failure." Section 6723, however, is subject

15

to the same civil penalty analysis as sections 6674 and 6682, and Plaintiff has no right to bring a civil action pursuant to this section. *See Baltgalvis v. Newport News Shipbuilding Inc.*, 132 F. Supp. 2d 414, 418 (E.D. Va. 2001) (stating that "[b]oth the employee and the employer are subject to potential penalties *from the IRS*" for failure to comply with information reporting and citing § 6723) (emphasis added).

26 U.S.C. § 1441 provides that employers must withholding taxes from the wages of nonresident aliens. Again, Plaintiff has no private right of action for Defendant's failure to withhold taxes, as set forth above.

26 U.S.C. § 7501 provides that "[w]henever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States." For the same reasons set forth above, any right of recovery of these taxes lies with the United States.

For these reasons, Plaintiff's Count 4 must be dismissed.

### E. Count 5

Count 5 alleges that Jazzie Pools acted "reckless[ly] and negligent[ly] in that a reasonable person could assume that their employer would not interfere with their tax obligations

16

without their consent and would obey all applicable sections of the Internal Revenue Code." (Compl. ¶ 7.)

The Court notes that with respect to the portion of this Count 5 that alleges interference with Plaintiff's tax obligations, the claim must fail for purposes of federal law for the same reasons set forth above with respect to Counts 1 and 4 above.

With respect to the allegation that Jazzie Pools failed obey all applicable sections of the Internal Revenue Code, this Count 5 will be dismissed. The Court cannot be expected to determine to which sections of the myriad provisions of the Internal Revenue Code Plaintiff is referring. To the extent Plaintiff meant those provisions he set forth in his Count 4, his claims under those provisions fail for the reasons set forth above.

F. Jurisdiction Over Any Remaining Claims

As set forth above, the Court dismisses all Internal Revenue Code related counts for failure to state a claim. To the extent any of Plaintiff's claims are for fraud or negligence, apart from any question of violations of federal tax law, fraud and negligence are state-law torts. *See Virginia v. SupportKids Servs., Inc.*, No. 3:10-CV-73, 2010 WL 1381420, at *1 (E.D. Va. Mar. 30, 2010); *Milstead v. Kibler*, No. 98-0075, 1999

17

WL 370072, at *4 (W.D. Va. Apr. 19, 1999). Thus, the Court will address its jurisdiction over these claims.

Dismissal of the federal tax law claims eliminates any federal question jurisdiction. Federal subject matter jurisdiction may exist, however, when there is diversity of citizenship between the parties and more than $75,000 in controversy, pursuant to 28 U.S.C. § 1332. In this case, the parties do not appear to be diverse--Plaintiff is a resident of Virginia and, according to Plaintiff's Complaint, Defendant is a Virginia corporation.[4] Accordingly, the diversity requirement is not met and this Court lacks jurisdiction pursuant to 28 U.S.C. § 1332.

Because there is no basis for diversity jurisdiction, and Plaintiff's dismissed federal tax law claims were the claims over which this Court had jurisdiction, the Court addresses whether it will exercise supplemental jurisdiction over any Virginia state-law fraud and negligence claims, under 28 U.S.C. § 1367.

---

[4] Though styled as "Inc." in Plaintiff's Complaint, Jazzie Pools appears to be a limited liability company, as it is "Jazzie Pools, Spas & Fitness *LLC*." The citizenship of a limited liability company is determined by the state or states where its members are citizens. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (noting that a limited liability company "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members"); *Ferrell v. Express Check Advance of S.C., LLC*, 591 F.3d 698, 701 (4th Cir. 2010). The Complaint does not set forth the citizenship of Defendant's members. Because Plaintiff bears the burden of proving subject matter jurisdiction, the Complaint does not sufficiently allege facts to establish complete diversity of citizenship between Plaintiff and Jazzie Pools. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998).

The doctrine of supplemental jurisdiction provides that federal courts have discretion to retain or dismiss non-federal claims when the federal basis for an action is no longer applicable. *See* 28 U.S.C. § 1367 (codifying *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)). A district court has discretion to dismiss a case where the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In the Fourth Circuit, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Courts consider a number of factors in making this discretionary determination: "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*. (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1998)). As the *Shanaghan* Court states, "the doctrine of supplemental jurisdiction is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." 58 F.3d at 110 (citations omitted).

Here, the Court has dismissed the claims over which it had federal subject matter jurisdiction. Given the nature of the state law claims at issue and in the interests of comity,

this Court declines to exercise supplemental jurisdiction over any remaining fraud or negligence state-law claims.  Therefore, to the extent Plaintiff pleads any such claims, they are dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  The Court notes that nothing in the record appears to bar Plaintiff from initiating Virginia state litigation, and therefore Plaintiff is not without a forum in which to seek redress on his fraud and negligence claims, should he have meant to plead any.

### IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| May 31, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |